Hillsborough,
No. 6262.

J & W Industries, Inc.
d/b/a J & W Motors

*v.*

Frank Enterprises, Inc. *& a.*

December 7, 1971.

*Harkaway, Gall & Shapiro ( Mr. Aaron A. Harkaway* orally )
for the plaintiff.

*Victor W. Dahar* ( by brief and orally ) for the defendants.

Kenison, C.J. The issue in this case is whether the federal income tax liability for 1968 of the plaintiff ( also referred to in the record as J & W Enterprises, Inc. ) was transferred as part of the sale of its automobile division, J & W Motors, ( hereinafter referred to as Motors ) to the defendants. The sales contract pro-vided, *inter alia*, " The Buyer assumes and agrees to pay the outstanding obligations of J & W Motors. "

The trial court found that the parties intended the defendants to assume a note of the plaintiff given in payment of insurance for the benefit of Motors, but they did not intend the defendants to assume the federal income tax liability attributable to Motors income. " It is found that the parties, in entering the contract, intended that the balance of the note to the Nashua Trust Company would be included in the obligations to be taken care of by the defendants, but the parties did not intend that the income tax liability would be included. " The plaintiff's exception to the court's finding and ruling on the federal income tax liability was reserved and transferred by *Keller*, J.

Plaintiff argues that because Motors' accounts were kept separate

from the plaintiff's other business and the parties knew that Motors was making a profit, which was " added to the assets . . . which the defendant assumed, " the parties must have intended Frank to assume the tax liability for such profit. Since the $7,125.60 taxable income of the plaintiff, as a whole, for its 1968 tax year ( August 1, 1968 to July 31, 1969 ) was less than the $7,853.46 net income of Motors for the nine month period ending with its sale ( August 1, 1968 to April 30, 1969 ) the plaintiff argues that the defendants should pay the plaintiff's entire tax liability of $1,724.39. The defendants emphasize the fact that the plaintiff was a small business corporation, and that the plaintiff prepared its tax returns and claimed losses on its income tax returns ( Int. Rev. Code ss. 1371, 1372 ) without consulting the defendants. The defendants argue that with a purchase price of $14,500 it would not assume tax liabilities under these circumstances.

In determining what are the "outstanding obligations" of Motors, the intention of the parties is necessarily controlling, even though the contrary positions of the parties and the conflicting evidence makes the task of ascertaining that intent more difficult. *Griswold* v. *Heat Corporation,* 108 N.H. 119, 229 A.2d 183 ( 1967 ). Initially it may be noted that the parties were free to make such terms of bargaining to buy and sell Motors as they saw fit. Rosenthal, Remedies In Disputes Arising Out of Agreements To Buy And Sell Businesses, 12 B.C. Ind. & Com. L. Rev. 825, 831 ( 1971 ). In life as in death the impact of taxes is ever present and it is usually necessary and almost always desirable that the contract to buy and sell a business or a part of a business specify the tax liabilities of the parties. 8 Cavitch, Business Organizations *s.* 160.01 ( 1970 ); Cohen, Transferee Liability Under The Internal Revenue Code, 10 Tax Counsel Q. 247, 272 ( 1966 ); *see Boston & Maine R.R.* v. *Peterborough Railroad,* 86 N.H. 217, 220, 166 A. 275, 277 ( 1933 ); *Boston & Maine R.R.* v. *Wilton Railroad Co.,* 87 N.H. 416, 419, 181 A. 545, 547 ( 1935 ).

As a matter of definition a federal income tax liability may be included in the phrase " outstanding obligations, " if the parties so intend. *See* Annot., 4 A.L.R.2d 1314 ( 1949 ). There is respectable authority against deciding contract disputes on the sole basis of a dictionary definition. Some years ago Judge Learned Hand stated the proposition in the following words: "[I]t is one

of the surest indexes of a mature and developed jurisprudence not to make a fortress out of the dictionary . . . " *Cabell* v. *Markham,* 148 F.2d 737, 739 ( 2d Cir. 1945 ). Mr. Justice Jackson expressed a similar thought when he stated that dictionaries were " the last resort of the baffled judge. "*Jordan* v. *DeGeorge,* 341 U.S. 223, 234, 71 S. Ct. 703, 709, 95 L. Ed. 886, 894 ( 1951 ). For many years in this State, particularly in recent years, this court has not relied on arbitrary canons of statutory construction to settle disputes and has attempted to follow the wisdom of Judge Learned Hand and Mr. Justice Jackson. *Gordon* v. *Public Service Co.,* 101 N.H. 372, 375, 143 A.2d 428, 430 ( 1958 ). " One who seeks to find the actual agreement of the parties cannot have too much faith in a dictionary unless the bargain is between its co-editors. " Mcaulay, Justice Traynor and the Law of Contracts, 13 Stan. L. Rev. 812, 820 ( 1961 ); *see* 3 Corbin, Contracts *s.* 543 D ( supp. 1971 ).

In the present case there are practical difficulties, although not insuperable, in shifting the burden of the tax liability to the defendants. *See* Brown, Shifting The Burden Of Income Taxes By Contract, 96 U. Pa. L. Rev. 822 ( 1948 ). There is the problem of pyramiding taxes, because the payment of a seller's tax is itself taxable income to the seller. *See Old Colony Trust Co.* v. *Commissioner,* 279 U.S. 716, 73 L. Ed. 918, 49 S. Ct. 499 ( 1929 ). If the defendants pay the plaintiff's tax liability this would increase the plaintiff's taxable income from the sale which theoretically defendants would be responsible for if their contract included the payment of taxes. Additionally there may be deductions and elections which would now be lost by the lapse of time if the defendants were held to assume this liability. *See* Int. Rev. Code, *s.* 1016( a )( 2 ); 4 Mertens, Law of Federal Taxation *s.* 23.18 ( 1966 ). Finally, there is a problem of identifying the taxes attributable to Motors from the plaintiff's tax return and this determination would involve some guesswork.

In this case the defendants did not purchase all of the plaintiff's business inasmuch as the automobile division accounted for only about one-third of the plaintiff's total income. The conclusion that there was an assumption of tax liability by the purchaser is not easily made in this situation. " [W]here . . . it is sought to shift the burden of taxation from the person upon whom it is imposed by statute, the intention of the parties to accomplish that result must clearly appear. " *United Shoe Machinery Corp.* v.

*Gale Shoe Mfg. Co.,* 314 Mass. 142, 149, 49 N.E.2d 913, 918 ( 1943 ); *Boston Elevated Ry. Co.* v. *Metropolitan Transit Authority,* 323 Mass. 562, 571, 83 N.E.2d 445, 452 ( 1949 ). The trial court has found that the parties did not intend that the tax liability would be assumed by the defendants. We think this was a permissible finding and ruling which we affirm.

*Plaintiff's exceptions overruled.*

All concurred.